UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>-against-<br><br>THE PUTNAM ADVISORY COMPANY, LLC,<br><br>      Defendant. | No. 12 Civ. 7372 (RWS)<br><br>**ECF CASE**<br>Electronically Filed<br><br>**Contains Confidential Information Redacted Pursuant to Court Order Dated June 3, 2015 [ECF No. 47]** |

**DECLARATION OF PAUL HUGHES IN FURTHER SUPPORT OF PLAINTIFF FINANCIAL GUARANTY INSURANCE COMPANY'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO COMPEL**

  I, Paul Hughes, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

  1. I am a member in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York. I am an associate with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), counsel for Plaintiff Financial Guaranty Insurance Company ("FGIC") in the above-captioned matter.

  2. I respectfully submit this declaration in support of FGIC's Reply Memorandum of Law In Further Support of its Motion to Compel Defendant The Putnam Advisory Co., LLC ("Putnam") To Produce Documents In Response to Plaintiff's First and Second Requests For Production of Documents (the "Motion") and in Opposition to Putnam's Cross-Motion to Compel, dated January 6, 2017.

3. The facts set forth herein are based on my personal knowledge.

## I. Discovery Deadlines

4. The initial discovery deadlines in this case were established by this Court during the May 13, 2015 Pre-Trial Conference, and set forth in the parties' Joint Report of Rule 26(f) Conference and Discovery Plan (Dkt. No. 46). The initial deadline for completion of party and third-party fact discovery was set for March 31, 2016.

5. Counsel to FGIC and counsel to Putnam held a telephonic meet-and-confer on January 27, 2016. During that meeting, counsel to Putnam asked whether FGIC would consent to a six-month extension to the fact discovery deadline. FGIC agreed to Putnam's request and the parties jointly prepared a stipulation and proposed scheduling order for this court. Attached hereto as **Exhibit A** is a true and correct copy of an email, dated February 2, 2016, noting Putnam's request to extend the discovery deadline and FGIC's agreement thereto.

6. On March 11, 2016, this court so-ordered a Stipulation and Scheduling Order setting the deadline for completion of party and third-party fact discovery on September 30, 2016 (Dkt. No. 64).

7. In June 2016 counsel to Putnam proposed a second extension of the discovery deadline.

8. On July 14, 2016, counsel to FGIC sent an email to counsel to Putnam stating that FGIC had "considered your proposal to extend the discovery schedule," and proposing new deadlines. Putnam made a counter-proposal that December 30, 2016 should be set as the deadline for completion of document discovery. FGIC agreed, and the parties prepared a second stipulation. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between counsel dated between July 14, 2016 and August 3, 2016.

9. On August 9, 2016, this court so-ordered the second Stipulation and Scheduling Order setting the deadline for completion of party and third-party fact discovery on December 30, 2016 (Dkt. No. 68).

10. On December 15, 2016, counsel to FGIC and counsel to Putnam conferred telephonically regarding scheduling matters. Counsel to FGIC proposed that the parties stipulate to extend document discovery for a reasonable period of time (thirty to sixty days) after this Court resolves the Motion. Subsequently, counsel to Putnam confirmed that Putnam was unwilling to agree to an extension.

## II.  Third-Party Discovery

11. On December 22, 2016, Putnam served Calyon with a Rule 45 subpoena seeking the production of documents. Attached hereto as **Exhibit C** is a true and correct copy of that subpoena.

12. FGIC has obtained document productions from Putnam, Calyon, Magnetar Capital, LLC ("Magnetar"), and Deutsche Bank. As of the date hereof, Putnam has produced approximately 77,969 documents, Calyon has produced approximately 26,301 documents, Deutsche Bank has produced approximately 16,043 documents, and Magnetar has produced approximately 1,891 documents.

## III.  Discussions Concerning Putnam's Request for Phone Records

13. FGIC renewed its request for Putnam's phone records by letter dated September 19, 2016. *See* Declaration of Paul Hughes in Support of FGIC's Motion to Compel, dated December 12, 2016 (Dkt. No. 71), ¶ 30 & Ex. K. Subsequently, through September, October and November 2016, FGIC and Putnam exchanged letters discussing, among other points, FGIC's request for Putnam's phone records. *Id.* ¶¶ 31-36 & Exs. L, N, O, and P. The parties further met-and-conferred on October 6, 2016 and discussed, among other points, FGIC's

requests for Putnam's phone records. At no point during the interactions discussed in this paragraph did Putnam inform FGIC that it was undertaking a search for its phone records or that such records could not be located in its files. Rather, as late as November 22, 2016, Putnam maintained an outright objection to producing such records. *Id.* Exs. O, P.

### IV. Lotus Notes NSF Files

14. FGIC has conferred with its electronic discovery vendor, DTI Global ("DTI"), concerning the document storage format known as "Lotus Notes NSFs." According to DTI an "NSF" file extension is equivalent to a "PST" file extension for Microsoft Outlook—a commonly used email program from which documents are often collected in discovery. DTI routinely processes emails from "NSF" files for review in discovery and reports that the process is not unduly burdensome, and not akin to accessing data from a backup tape. An "NSF" file is "raw" data insofar as the NSF file has not been conformed to the technical specifications required for review in a discovery database. However, an "NSF" file can be accessed directly with Lotus Notes software, or processed for review in a discovery database with little effort.

### V. Putnam's Cross-Motion

15. On December 12, 2016, Putnam transmitted a letter to FGIC purporting to identify certain deficiencies in FGIC's designation of certain documents as protected by attorney-client privilege and/or the work-product doctrine. *See* Declaration of Thomas Arena Ex. ¶ 15, Ex. 11 ("Arena Decl.").

16. Upon receipt of the December 12, 2016 letter, counsel to FGIC promptly began a diligent review of the issues identified by Putnam.

17. Putnam filed the Cross-Motion on December 23, 2016 (Dkt. No. 75). Putnam did not notify FGIC of its intent to file the Cross-Motion prior to filing the Cross-Motion.

18.     On December 23, 2016, the date Putnam filed the Cross-Motion, counsel to FGIC was continuing its diligent review of the issues identified by Putnam in its December 12, 2016 letter, and was further in the process of drafting a response to Putnam's December 12, 2016 letter.

19.     On December 28, 2016, FGIC sent a letter in response to Putnam's December 12, 2016 letter.  Attached hereto as **Exhibit D** is a true and correct copy of FGIC's December 28, 2016 letter.

20.     On the same date, FGIC produced to Putnam a supplemental privilege log. Attached hereto as **Exhibit E** is a true and correct copy of FGIC's Supplemental Privilege Log.

21.     On December 30, 2016, FGIC made a supplemental document production to Putnam.

22.     After the December 30, 2016 supplemental document production, FGIC has produced all but seven of the documents relating to "risk mitigation" identified in Putnam's December 12, 2016 letter.  The seven withheld documents are subject to attorney-client privilege and/or work product protection.  FGIC revised descriptions for these seven documents on the Supplemental Privilege Log (Ex. E).

23.     The December 30, 2016 supplemental document production included copies of certain memoranda sent to FGIC's board of directors, as identified in Putnam's December 12, 2016 letter.  Where appropriate, FGIC redacted these memoranda in the production.

24.     The December 30, 2016 supplemental document production included certain of the documents which Putnam identified as "undated documents" in its December 12, 2016 letter. For those "undated documents" which FGIC did not produce with the supplemental document

production, FGIC provided updated date information on the Supplemental Privilege Log (Ex. E) in a column titled "Document Date – Supplemental Log."

25.   On January 5, 2017, Putnam sent a letter in response to FGIC's December 28, 2016 letter.  Attached hereto as **Exhibit F** is a true and correct copy of Putnam's January 5, 2017 letter.

### VI.   Additional Documents Attached

26.   Attached hereto as **Exhibit G** is a true and correct copy of an email ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████ produced as Confidential by Deutsche Bank, and bearing Bates numbers DBSI-PUTNAM 00003349 – DBSI-PUTNAM 00003352.

27.   Attached hereto as **Exhibit H** is a true and correct copy of an email ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ produced as Confidential by Deutsche Bank, and bearing Bates numbers DBSI-PUTNAM 00015306 – DBSI-PUTNAM 00015309.

28.   Attached hereto as **Exhibit I** is a true and correct copy of an email ████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ produced as Confidential by Calyon, and bearing Bates number CA-CIB_0044547.

29.   Attached hereto as **Exhibit J** is a true and correct copy ██████████████ ████████████████████████████████████████████████████████████████



████████████████████████████████████ produced as Confidential by FGIC, and bearing Bates numbers FGIC-0017494 – FGIC-0017500.

30. Pursuant to Paragraph 11 of the Protective Order entered in this case on June 3, 2015 (Dkt. No. 47), FGIC has redacted references to confidential information in Exhibit F, and is filing Exhibits E, G, H, I and J under seal.

Dated: New York, New York
January 6, 2017

By: */s/ Paul Hughes*
Paul Hughes

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record have been served with copies of the foregoing Declaration of Paul Hughes in Support of Plaintiff Financial Guaranty Insurance Company's Motion to Compel Defendant to Produce Documents in Response to Plaintiff's First and Second Requests for Production of Documents, and the exhibits attached hereto, via electronic mail, this 6th day of January, 2017.

*/s/ Thomas A. Bridges*
Thomas A. Bridges