UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FINANCIAL GUARANTY INSURANCE
COMPANY,

                      Plaintiff,

            -against-

THE PUTNAM ADVISORY COMPANY, LLC,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/13/2020

12 Civ. 7372 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 10, 2019, the Court set this matter down for a jury trial to commence on April 27, 2020. ECF No. 160. By letter dated January 10, 2020, Plaintiff, Financial Guaranty Insurance Company, advised that it "is willing to withdraw its jury demand . . . subject to" the consent of Defendant, the Putnam Advisory Company, LLC. ECF No. 231 at 4. On March 4, 2020, two weeks after the Court issued an order resolving the parties' *Daubert* motions, ECF No. 281, Defendant advised the Court that it agreed to Plaintiff's proposal. Def. Ltr. at 1, ECF No. 292.

Accordingly, trial shall commence on April 27, 2020. *See* Fed. R. Civ. P. 39(a)(1) (stating that when a demand for a jury trial is made, all issues must be tried by the jury unless "the parties or their attorneys . . . so stipulate on the record").

The Court now addresses additional issues raised by the parties.

I.     Questions Concerning the Conduct of the Bench Trial

Defendant requests a conference "to address a number of issues concerning the conduct of the bench trial, including whether party representatives should offer their direct evidence by declaration or by live testimony." Def. Ltr. at 1. Plaintiff agrees that a pre-trial conference would be helpful, but believes "it would be most efficient for the parties to meet and confer to resolve as many of these issues as possible before burdening the Court with them." Pl. Ltr. at 1, ECF No. 293. Plaintiff is correct.

Accordingly, the parties shall meet and confer and submit a joint letter by **March 23, 2020** identifying any matters the parties wish to raise with the Court concerning the trial. On direct, the parties shall offer live testimony.

II.    Motions *in limine*

In accordance with the Court's joint pre-trial order, the parties filed motions *in limine* on February 3, 2020. *See* ECF Nos. 237, 259–277. Both parties agree that a bench trial obviates the need to resolve several of the parties' motions *in limine*. *See* Def. Ltr. at 6, Pl. Ltr. at 5–6.

Accordingly, it is ORDERED that by **March 23, 2020**, both parties shall inform the Court of any motions *in limine* they are withdrawing.

III.     *Daubert* Order

On February 19, 2020, the Court granted in part and denied in part the parties' respective *Daubert* motions to exclude the testimony of their respective experts. ECF No. 281. Plaintiff seeks to "reserve[] the right to seek reconsideration of any of the Court's *Daubert* rulings to the extent they were predicated on the need to avoid juror confusion or prejudice or on any other ground obviated by a bench trial." Pl. Ltr. at 2.

When a case is to be tried to the court, it may, in its discretion, defer judgment on *Daubert* motions until trial. *See, e.g.*, *Am. Railcar Indus., Inc. v. Gyansys, Inc.*, No. 14 Civ. 8533, 2017 WL 11501880, at *1 (S.D.N.Y. May 8, 2017) (deciding to defer ruling on *Daubert* motions until after the presentation of evidence); *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 458 n.1 (S.D.N.Y. 2007) ("In the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the court has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny."). The Court adheres to its decision and shall not revisit its *Daubert* rulings. *See Sparta Commercial Servs., Inc. v. DZ Bank*, 680 F. App'x 17, 20 (2d Cir. 2017) (holding that the district court was within its discretion in precluding expert testimony from testifying at bench trial).

IV.     Conclusion

Accordingly, it is ORDERED that by **March 23, 2020**, the parties shall: (1) inform the Court of any motions *in limine* that they wish to withdraw and (2) identify any matters the parties wish to raise with the Court concerning the conduct of a bench trial.

SO ORDERED.

Dated: March 13, 2020
        New York, New York                               _____
                                                                        ANALISA TORRES
                                                              United States District Judge