UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/23/2020__
```

-------------------------------------------------------------------X
           :

FINANCIAL GUARANTY INSURANCE COMPANY,  :
           :

           Plaintiff,      :

           :         12-cv-7372 (LJL)

    -v-        :

           :        ORDER

THE PUTNAM ADVISORY COMPANY, LLC,   :
           :

           Defendant.    :
           :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Trial in this case is set to begin on July 6, 2020.  Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, the current COVID-19 pandemic constitutes compelling circumstances and provides good cause to allow this trial to be conducted remotely through the use of telephonic and video conferencing solutions.  Accordingly, after due deliberation, and with the consent of both parties, this Court adopts the following virtual hearing procedures which provide appropriate safeguards in relation to the trial of this matter.

     IT IS HEREBY ORDERED THAT:

     **1.**     **Telephonic and Videoconferencing Solutions.**  The trial shall take place virtually using both telephonic and videoconferencing solutions as set forth herein.  All counsel who participate in the trial shall participate in appropriate pre-trial technology testing as may be required by further order of the Court.

     **2.**     **Access.**  No later than July 2, 2020 at 5:00 p.m., the parties shall provide to the Court via email a list of all (a) attorneys participating in the trial, along with their phone numbers and email addresses; (b) witnesses who will participate in the trial.

The public is invited to attend the trial on a non-speaking basis by utilizing a dial-in number that will be provided on the docket.

3. **Submission of Exhibits.** As discussed at the June 23, 2020 conference, the parties shall prepare two binders for each witness. The first binder ("Binder One") shall be prepared by the party offering a witness. It shall contain the witness's declaration and all exhibits that the party offering that witness intends for the witness to author at trial. The second binder ("Binder Two") shall be prepared by the party opposing a witness. Binder Two shall contain all exhibits that the opposing party intends for the witness to view during cross-examination. By no later than July 6, 2020, Binder Twos shall be provided to every witness as well as to opposing counsel. They shall be sealed and they shall, on the exterior of the binders, clearly instruct the witnesses and opposing counsel not to open the binders until directed to do so. Witnesses and opposing counsel shall not review Binder Twos until the cross-examinations begin. Binder Ones shall be mailed to the undersigned (in hard copy) and his law clerk (via USB drive) no later than June 26, 2020. Binder Twos shall be mailed to the undersigned (in hard copy) and his law clerk (via USB drive) no later than July 1, 2020.

4. **Remote Witness Testimony.** Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, and the parties having consented, any witness called to testify at the trial shall testify by contemporaneous transmission from a different location than the Courtroom ("Remote Witness"). All Remote Witnesses shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if

such Remote Witness was sworn in by the Court deputy in person in open court at the courthouse.  In the event that there is an error or malfunction with remote technology, the testimony shall proceed by dial-in by using a telephone number provided by the Court.  The party offering the Remote Witness shall be responsible for ensuring that the remote technology and *all exhibits from all parties* are supplied to the Remote Witness in hard copy prior to trial. The parties having not objected, no person other than counsel may be present in the room from which any Remote Witness who is a fact witness will testify during that witness's testimony. While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness is testifying any documents except Binder One and Binder Two.

Remote Witnesses other than expert witnesses proffered by each side shall utilize the provided link only during the time they are testifying.  Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

### 5. **Courtroom Formalities.**

Although being conducted using videoconferencing solutions, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited.  No party may record images or sounds from any location.  The formalities of a courtroom must be observed. When called to testify, a Remote Witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

### 6. **Additional Materials.**

The parties shall meet and confer regarding the extent to which expert witnesses should be isolated during their testimony. No later than 5:00 p.m. on June 24, 2020, the parties shall submit either a joint proposal or, in the event of irreconcilable disagreement, separate proposals.

The motion to compel that Plaintiff discussed at the June 23, 2020 conference shall be filed no later than June 24, 2020 at 12:00 p.m.  Defendant shall respond by 12:00 p.m. on June 26, 2020.

Demonstrative exhibits shall be mailed to the undersigned (in hard copy) and his clerk (via USB drive) no later than July 2, 2020.

The parties shall brief two questions: (1) whether Judge Torres held that an alternative transaction can establish loss causation, and (2) if so, whether that should be treated as law of the case along the following schedule:  Defendant's brief is due by 12:00 a.m. on June 27, 2020. Plaintiff's response is due by 12:00 p.m. on July 1, 2020.  Defendant's reply is due by July 3, 2020 at 5:00 p.m.

7.   **Retention of Jurisdiction.**

This Court retains jurisdiction with respect to all matters arising from or related to this Order.

SO ORDERED.

Dated: June 23, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge