```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
FINANCIAL GUARANTY INSURANCE COMPANY,                              :
                                                                   :
                        Plaintiff,                                 :
                                                                   :      12-cv-7372 (LJL)
        -v-                                                        :
                                                                   :      ORDER
THE PUTNAM ADVISORY COMPANY, LLC,                                  :
                                                                   :
                        Defendant.                                 :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Having considered the letters from each party dated June 19, 2020 (Dkt. Nos. 311, 312) and the response letters dated June 22, 2020 (Dkt. Nos. 319, 320) and having heard oral argument on June 23, 2020, the Court finds that separate trials would serve the issues of convenience, expedition and economy, and would not prejudice FGIC (the party objecting to separate trials).  Accordingly, the following is hereby ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 42(b), the Court orders separate bench trials of the issues remaining in this case, as follows:

    a. Beginning on July 6, 2020, the Court shall conduct a remote trial ("Phase 1") on the following issues with respect to the "peach-colored spreadsheet" ("PCS"):

        (1) whether Putnam is responsible for the PCS under the Second Circuit's decision in *Elkind* or the New York Court of Appeals's decision in *Pasternak* or other applicable law or had a duty to correct under that law;

        (2) whether Putnam had a duty to correct the PCS under the "special circumstances" doctrine;

        (3) actual reliance or transaction causation;

        (4) reasonable reliance; and

        (5) loss causation.

    b. Thereafter, and depending on the resolution of the issues in Phase 1, the Court will try the issues of falsity, scienter, and damages.

    c. Testimony in Phase 1 shall proceed as follows:

        (1) FGIC may present, in any order that it prefers, the fact witness testimony of Menhenett, Finkel, Adams, Skelton, and Rekeda and the expert witness testimony of O'Driscoll (on the issues relevant to Phase 1). FGIC shall submit a letter to the Court on ECF by 12:00 p.m. on June 26, 2020, indicating the order in which it proposes to present those witnesses and, with respect to Rekeda, the estimated length of the direct testimony.

        (2) Putnam shall present, in any order that it prefers, the fact witness testimony of Bell and Van Tassel, and the expert witness testimony of Longstaff and Dolan (on issues relevant to Phase 1). Putnam shall submit a letter to the Court on ECF by 5:00 p.m. on June 26, 2020, indicating the order in which it proposes to present those witnesses.

        (3) For reasons of efficiency and on the consent of all parties, the witnesses presented in Phase 1 by Putnam, with the exception of the expert witnesses, shall be subject to cross-examination with respect to issues of falsity and scienter. These witnesses will not be permitted to testify again during the second phase of the trial absent good cause shown.

        (4) The Court will also receive deposition testimony with respect to the issues in Phase 1.

2. During oral argument on June 23, 2020, counsel for FGIC proffered that the following additional witnesses would have testimony relevant to the issues in Phase 1: Malm, Henriques, and Prusko. Following the testimony of all of the witnesses referenced above, the Court will entertain applications from the parties as to whether such witnesses have admissible evidence to offer as to the issues in Phase 1, based on Federal Rules of Evidence 401 and 403, and any other applicable law. The Court will set a schedule for such applications at the conclusion of the testimony of the witnesses referenced above.

3. By no later than 12:00 a.m. on June 27, 2020, each party seeking to strike or limit the testimony of any witness in Phase 1 may submit a brief identifying the testimony sought to be stricken or limited and the basis for striking or limiting such testimony. The brief shall not exceed 15 double-spaced pages regardless of the number of witnesses whose testimony is sought to be stricken or limited. Each party may submit a response brief, not to exceed 15 pages, by 5:00 p.m. on June 29, 2020.

    SO ORDERED.

Dated: June 23, 2020  
       New York, New York                                  LEWIS J. LIMAN  
                                                                  United States District Judge