UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                  :

FINANCIAL GUARANTY INSURANCE COMPANY,   :

                            Plaintiff,   :

                                  :

        -v-   :

                                  :

THE PUTNAM ADVISORY COMPANY, LLC,   :

                                 :

                        Defendant.   :

                                  :
------------------------------------------------------------------X

12-cv-7372 (LJL)

<u>ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/13/2020__

LEWIS J. LIMAN, United States District Judge:

      At the conclusion of trial proceedings today, counsel for FGIC inquired whether Putnam

would be required to cross-examine FGIC's next witness, Mr. O'Driscoll, about issues regarding

scienter that have been reserved for Phase 2 of this bifurcated trial at the expense of doing so

during Phase 2; in other words, if counsel did not so cross-examine Mr. O'Driscoll, Putnam

would be precluded from doing so in Phase 2, if there is a Phase 2. *See* Dkt. No. 323.  Counsel

for Putnam has indicated an intent to cross-examine Mr. O'Driscoll only on Phase 1 issues.  The

Court did not immediately issue a ruling, indicating that it wished to look at the transcripts of

prior proceedings in this matter.

      The Court has now reviewed those transcripts, as well as a letter from FGIC.  Dkt. No.

355.  Construing FGIC's application as one to preclude Putnam from cross-examining Mr.

O'Driscoll on Phase 2 issues such as scienter in Phase 2, the Court denies the application.  The

Court bifurcated the trial into two Phases for reasons of convenience and efficiency.  It would

disserve efficiency and undermine the goals of the bifurcation to require Putnam now to cross-

examine Mr. O'Driscoll on issues of scienter that are relevant only to Phase 2 and that are not

relevant to any Phase 1 issues when it is not clear that there will be a Phase 2 and when there will be an opportunity at Phase 2 (if there is a Phase 2) for the parties to air out all of the issues related to scienter.

FGIC has argued that issues of scienter raised in Mr. O'Driscoll's declaration are relevant to Phase 1 issues, including the issue of Mr. Bell's credibility. *See* Dkt. No. 355. This precise issue was raised at the June 23, 2020 conference with the Court. At that conference, FGIC argued that certain issues that might be relevant to scienter also went to Phase 1 issues—as to whether Putnam made the allegedly false statement at issue in this case, whether FGIC relied on the statement, whether FGIC's alleged reliance was reasonable, and whether there was loss causation. In addition, Mr. O'Driscoll will testify to whether the assets in the PCS could have been purchased consistent with the Pyxis deal constraints; FGIC argues that such testimony is relevant to its rebuttal of Putnam's claim that it did not reasonably rely on any representation in the PCS.

The Court permitted FGIC to offer *all* the evidence that it believes is relevant to Phase 1 (including evidence relevant to reasonable reliance and Mr. Bell's credibility). And the Court is, during Phase 1, receiving Mr. Driscoll's declaration in its entirety; accordingly, FGIC will suffer no prejudice with respect to any argument listed above. Putnam will be permitted to cross-examine with respect to Phase 1 issues.

At the June 23, 2020 conference, the Court elicited from Putnam's counsel that, for purposes of any Phase 1 issue, the Court would be permitted to assume that FGIC had proved up its case with respect to scienter subject to the important caveat that such assumption would be without prejudice to the right of Putnam to dispute scienter in Phase 2. Implicit, if not explicit, in that ruling was the notion that Putnam would have the opportunity to cross-examine Mr.

O'Driscoll about Phase 2 issues in Phase 2. FGIC does not identify any prejudice it would suffer. Mr. O'Driscoll is a paid expert who will be able to return for Phase 2. FGIC will be able to supplement his declaration or offer a new declaration at Phase 2 (if there is one) with evidence with respect to scienter. Cross-examination during Phase 1 will be limited to Phase 1 issues.

FGIC's recently-filed letter informs the Court that based on Putnam's previous estimate of five hours for Mr. O'Driscoll's testimony, *see* Dkt. No. 355, Exh. A, Mr. Rekeda may not be available to testify tomorrow. The Court requests that the parties do their best to procure Mr. Rekeda to testify tomorrow. However, if he is not available until Wednesday morning, then the trial day will simply be shorter and the trial will be longer. FGIC's letter also advises that Putnam has intended to make Mr. Longstaff available before Mr. Bell. As stated in the Court's June 26, 2020 order, *see* Dkt. No. 330, the Court prefers to hear Mr. Bell after Mr. Rekeda. That order is appropriate because the cross-examination of Mr. Bell is being received as part of FGIC's direct case.

For the foregoing reasons, FGIC's application is denied.

SO ORDERED.

Dated: July 13, 2020
New York, New York
_____
LEWIS J. LIMAN
United States District Judge

3